**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
LAW OFFICES OF FRANK A. WEISER
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone:  (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:      maimons@aol.com


Attorney for Plaintiffs
ANIL M. PATEL,
RAKHABEN ANIL PATEL

# UNITED STATES DISTRICT COURT

## CEMNTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIL M. PATEL, RAKHABEN ANIL PATEL,<br><br>               Plaintiffs,<br><br>v<br><br>LENIN RODRIGUEZ; GLADIS RODRIGUEZ; KARLA FLORES RODRIGUEZ; AND DOES 1-10 INCLUSIVE,<br><br>               Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[VIOLATION OF 18 U.S.C. SECTION 1964 – RICO; 42 U.S.C. SECTIONS 1981, 1982, AND 1983]**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs ANIL M. PATEL, and RAKHABEN ANIL PATEL (collectively "Plaintiffs," or individually "AM PATEL" "RA PATEL") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1964 and 42 U.S.C. Sections 1981,1982 and 1983. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c) and the private and public federal civil rights statutes 42 U.S.C. Sections 1981,1982 and 1983.

## PARTIES

2. Plaintiffs AM PATEL and RA PATEL, are husband and wife, and  are residents of San Bernardino County, CA.

3. Plaintiffs allege that the Defendants LENIN RODRIGUEZ, GLADIS RODRIGUEZ and KARLA FLORES RODRIGUEZ (collectively "Defendants" or individually "LR," "GR," "KFR") was at all times material herein residents of San Bernardino County, CA.

4. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 100, and persons heretofore unknown involved in the actions taken against the plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately

2

caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

5.     Plaintiffs AM PATEL and RA PATEL are the owners and operators of a motel in Barstow, CA commonly known as the TRAVELODGE BARSTOW ("Motel")

6.     Defendants LR, GR, and KFR were former homeless individuals who resided for a short period of time at the motel.

7.     Plaintiffs are Gujarati Asian-Indians who were born into and practice Hinduism

8.     Over the course of Defendants LR, GR, and KFR residence at the motel, they continuously made racially derogatory remarks to other residents, employees of Plaintiffs and to Plaintiffs about the Plaintiffs regarding their Asian-Indian nationality and Hindu religious practices.

9.     In making such racial and religious derogatory remarks, the Defendants, and each of them, would continuously state to the other residents, and other employees of Plaintiffs, and to the Plaintiffs, that the Plaintiffs were downgrading the quality and operation of the motel because they were "cheap." Defendants further stated to Plaintiffs' other residents and employees that they were going to "shut the motel down" and bring a legal action against the Plaintiffs.

10. During the course of said residence, Defendant falsely provided their residence status and tax reporting information to the Plaintiffs with an intent to defraud the Plaintiffs and the United States government in doing so in order to not report their true illegal status in the United States and in order to not report properly and not pay any required taxes due for any alleged work that they may have performed in exchange for payment of rent for their residency at the motel.

11. In doing so, the Defendants, used instrumentalities of the United States mail and e-mail in communicating with Plaintiffs and the Internal Revenue Service in providing the false residency and tax information, which constitutes a federal crime under 18 U.S.C. Sections 1341 as mail fraud.

12. The false information that was provided to the Plaintiffs in order to defraud the Plaintiffs and the United States government was done on multiple occasions over a period of time, and in conjunction with the assistance of Defendants' tax preparers.

13. Further, after leaving their residency at the motel, the Defendants made false claims of employment discrimination, retaliation and non-payment of wages for alleged work done at the motel against the Plaintiffs with the California Labor Commissioner ("CLC"), and also provided false information of their residency and tax status. In doing so, the Defendants used instrumentalities of the United States mail and e-mail in communicating with Plaintiffs and the CLC in providing the false information, which constitutes a federal crime under 18 U.S.C. Sections 1341 as mail fraud.

14. The false information that was provided the Defendants in order to defraud the Plaintiffs and the CLC was done on multiple occasions within the last two years from the date of the filing of this complaint with the assistance and counsel of Defendants' attorneys representing them before the CLC, EUGENE LEE, Esq. of the LAW OFFICES OF EUGENE LEE located at P.O. Box 1212, Venice, CA 90294 ("EL"). Such fraudulent claims of employment discrimination by the Defendants against the Plaintiffs was then pursued by the Defendants and EL, on their behalf before

the CLC resulting in administrative orders ("Orders") in the Defendants' favor by the CLC pursuant to California Labor Code Section 98.2 in the amounts of 4141,971.90 ("in favor of GR"), $105, 204. 49 (in favor of KFR), and $120,343.71 (in favor of LR).

15. On August 18, 2025, the Plaintiffs filed a timely appeal of the Orders in the San Bernardino Superior Court bearing case numbers CIVSB2523623 (appeal of order in favor of GR), CIVSB2523630 (appeal of order in favor of KFR), CIVSB2523634 (appeal of order in favor of LR) ("State Appeal Cases").

16. The State Appeal Cases are still pending in the San Bernardino Superior Court and there is no final judgment under California law and as this civil dispute is between private parties, the Younger abstention doctrine and the Rooker-Feldman doctrine are inapplicable.

17. Plaintiffs reserve the right to either amend this complaint to add EL as a defendant, or file a separate related complaint against EL.

18. Based on the foregoing, Plaintiffs allege the following claims for relief.

### FIRST CLAIM OF RELIEF

**(Violation of 18 U.S.C. Section 1964(c) by All Plaintiffs
Against All Defendants)**

19. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-18 above.

20. The actions of the Defendants, and each of them, constitutes a federal crime under 18 U.S.C. Section 1341, U.S. mail fraud, and 26 U.S.C. Section 7201, tax fraud, actionable under 28 U.S.C. Section 1964©.

21. The actions of the Defendants, and each of them, is an enterprise whose activities also affected interstate commerce, as the motel accepts customers and guests who travel across state lines.

22. Said Defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs and the United States Government and the CLC and with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, and in violation of 26 U.S.C. Section 7201, tax fraud, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5).

23. Said Defendants, and each of them, have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

24. As a proximate result of the foregoing actions of the Defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961(1), (5), and 18 U.S.C. 1964©, Plaintiffs have been injured in their business and according to proof at trial but not less than $10,000,000.00 against each defendant. Plaintiffs are also entitled their reasonable attorney's fees and treble damages.

## SECOND CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1981 by All Plaintiffs Against All Defendants)**

25. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-24 above.

26. The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C. Section 1981.

27. As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but not less than $10,000,000.00 against each defendant. Plaintiffs are also entitled their reasonable attorney's fees under 42 U.S.C. Section 1988.

## THIRD CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1982 by All Plaintiffs Against All Defendants)

28. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-27 above.

29. The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C.  Section 1982.

30. As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but not less than $10,000,000.00 against each defendant. Plaintiffs are also entitled their reasonable attorney's fees under 42 U.S.C. Section 1988.

# FOURTH CLAIM OF RELIEF

## (Violation of 42 U.S.C. Section 1983 by All Plaintiffs Against All Defendants)

31.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-30 above.

32.   Plaintiffs allege that in doing all of the things herein mentioned, the Defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City and County of San Bernardino and the State of California for purposes of "state action" and "color of law" under the Fourteenth Amendment of the United States Constitution.

33.   Plaintiffs further allege that in doing all of the things herein mentioned, and specifically as alleged in paragraphs 5-18 above, the Defendants, and each of them, violated and further threatens to violate the constitutional and civil rights of the Plaintiffs, and in particular their individual rights under the First and Fourteenth Amendments of the United States Constitution Petition and Grievance Clause and Free Speech Clause, their individual rights under the Fifth and Fourteenth Amendments of the United States Constitution Takings Clause Clause, the Fourteenth Amendment of the United States Constitution's Due Process Clause, both its substantive and procedural components and the Equal Protection Clause.

34.     Plaintiffs further allege that in doing all of the things herein mentioned, the Orders were entered by the CLC pursuant to California Labor Code Section 98.2, which on its face and as applied to the Plaintiffs, violates the constitutional provisions set forth in paragraph 33 above.

35.     Defendants, and each of them, are not entitled to any immunity, qualified or otherwise, as private individuals elevated to the level of state actors under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. Section 1983 have no immunity, qualified or otherwise, in accordance with United States Supreme Court precedent.

36.   Under the Supremacy Clause of the Constitution, the "laws of the United States shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the Contrary notwithstanding. U.S. Constitution, art. VI, cl. 2. Therefore, any state law that conflicts with the United States Constitution and 42 U.S.C. Section 1983, a federal statute that Congress enacted under Article V of the Fourteenth Amendment of the United States Constitution to implement the constitutional guarantees of the Fourteenth Amendment Court and is preempted and invalid as to such statute in that it cannot displace the remedial guarantees of the Fourteenth Amendment and 42 U.S.C. Section 1983.

45.   As a proximate result of the foregoing actions of the defendants and each of them, Plaintiff has been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and is also entitled to appropriate declaratory and injunctive relief, including but not limited to, vacating the Orders and declaring and enjoining California Labor Code Section 98 .2 in violation of the constitutional provisions set forth in paragraph 33 above, both facially and as applied to the Plaintiffs. Plaintiffs are also entitled to their reasonable attorney fees under 42 U.S.C. Section 1988.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**<u>FIRST CLAIM FOR RELIEF</u>**

1.   For damages according to proof at trial but believed to be not less than $10,000,000.00;

2.   For treble damages;

3.   For attorney's fees;

**<u>SECOND CLAIM FOR RELIEF</u>**

4.   For damages according to proof at trial but believed to be not less than $10,000,000.00;

5.   For attorney's fees;

## THIRD CLAIM FOR RELIEF

6. For damages according to proof at trial but believed to be not less than $10,000,000.00;

7. For attorney's fees;

## FOURTH CLAIM FOR RELIEF

8. For damages according to proof at trial but believed to be not less than $10,000,000.00;

9. For appropriate declaratory and injunctive relief, including but not limited to, vacating the Orders and declaring and enjoining California Labor Code Section 98 .2 in violation of the constitutional provisions set forth in paragraph 33 above, both facially and as applied to the Plaintiffs;

10. For attorney's fees;

## FOR ALL CLAIMS FOR RELIEF

11. For costs of suit;

12. For such other and further relief as the Court deems proper.

Dated: March 4, 2026             LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs ANIL M. PATEL,
RAKHABEN ANIL PATEL

11

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: March 4, 2026                    LAW OFFICES OF FRANK A. WEISER


By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs ANIL M. PATEL,
RAKHABEN ANIL PATEL